NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000185
28-MAY-2014
07:44 AM

NO. CAAP-13-0000185

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
LAWRENCE CRILLEY, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(Case No. 2DTA-12-00734)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on February 19, 2013 in the District Court of the Second Circuit, Wailuku Division (District Court)[1] dismissing with prejudice this criminal traffic case against Defendant-Appellee Lawrence Crilley (Crilley) for a violation of Hawai'i Rules of Penal Procedure (HRPP) Rule 48.[2]

---

[1] The Honorable Kelsey T. Kawano presided.

[2] HRPP Rule 48 states, in pertinent part,

**Rule 48. DISMISSAL.**

(a) **By prosecutor.** The prosecutor may by leave of court file a dismissal of a charge and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

(b) **By court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:

(continued...)

[2](...continued)

(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or

(3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

Clauses (b)(1) and (b)(2) shall not be applicable to any offense for which the arrest was made or the charge was filed prior to the effective date of the rule.

(c) Excluded periods. The following periods shall be excluded in computing the time for trial commencement:

(1) periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which the defendant is incompetent to stand trial, pretrial motions, interlocutory appeals and trials of other charges;

(2) periods that delay the commencement of trial and are caused by congestion of the trial docket when the congestion is attributable to exceptional circumstances;

(3) periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel;

(4) periods that delay the commencement of trial and are caused by a continuance granted at the request of the prosecutor if:

(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date; or

(ii) the continuance is granted to allow the prosecutor additional time to prepare the prosecutor's case and additional time is justified because of the exceptional circumstances of the case;

(5) periods that delay the commencement of trial and are caused by the absence or unavailability of the defendant;

(6) the period between a dismissal of the charge by the prosecutor to the time of arrest or filing of a new charge, whichever is sooner, for the same offense or an offense required to be joined with that offense;

(continued...)

2

I.

On December 9, 2011, in district court case No. 2DTA-11-01115, Crilley was charged by Complaint with Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61 (Supp. 2011), Consuming or Possessing Intoxicating Liquor While Operating a Motor Vehicle or Moped, in violation of HRS § 291-3.1 (2007), and Inattention to Driving, in violation of HRS § 291-12 (Supp. 2013). The charges stemmed from Crilley's arrest and release on bail on November 10, 2011.

The State's motion to dismiss these charges without prejudice was granted on August 14, 2012.[3]

On August 16, 2012, in the instant case, the State again charged Crilley with the same three offenses by filing the Complaint and Summons that was docketed as 2DTA-12-00734.

On September 25, 2012, Crilley's counsel appeared and claimed that Crilley was not properly served because only a copy of the summons, without a copy of the complaint, was served. The Notice of Entry of Judgment and/or Order and Plea/Judgment filed on September 25, 2012 reflects that, "No action taken by court until proper service made." The Complaint and Summons were served on Crilley on October 31, 2012.

On February 5, 2013, after a number of delays due to Crilley's non-appearance and continuances, Crilley filed a Motion to Dismiss for Violation of Rule 48 (Motion to Dismiss). Crilley alleged that, for Rule 48 purposes, 186 days had elapsed between his arrest and the filing of the Motion to Dismiss. Pertinent to this appeal, Crilley argued that the period between September 25, 2012 to November 27, 2012, during which time he was not properly

_____

[2](...continued)

> (7) a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance; and

> (8) other periods of delay for good cause.

[3]     The State argued, in its memorandum in opposition to Crilley's Motion to Dismiss in the instant case that this dismissal was due to the Hawai'i Supreme Court's decision in State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), that was rendered on April 12, 2012.

served with the charges against him, should be included in the computation of time. Although Crilley argued at the hearing on his motion that the dismissal should be with prejudice, he did not explicitly argue how the Estencion[4] factors supported such a result.

The State argued that the six-month time limit had not been exceeded and if the District Court found to the contrary, using a Barker v. Wingo[5] analysis, any dismissal should be without prejudice. The State also argued that there was no deliberate attempt to delay the trial, as the dismissal of the original charges was to comply with Nesmith, and additional time was taken to re-serve Crilley with the new complaint after court personnel had advised the prosecution that the original service with the summons alone was sufficient, although it acknowledged the original service was improper under HRPP Rule 9.[6] The State also pointed out that multiple continuances were obtained or acquiesced-to by Crilley and that he had made no showing of prejudice due to the delay.

On February 19, 2013, the District Court granted Crilley's motion and dismissed the charges against Crilley with prejudice. While acknowledging that court staff, in the midst of developing new forms and procedures in connection with electronic filing, provided incorrect instructions to the prosecutor's office, the District Court ruled that delay caused by these instructions "can't be held against the defendant[,]" and granted the motion with prejudice. In its Findings of Fact and Conclusions of Law Regarding Defendant's Motion to Dismiss for Violation of Rule 48 dated March 25, 2013 (Order), the District

---

[4]     In State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981), the Hawai'i Supreme Court adopted the analysis codified in the Federal Speedy Trial Act, 18 U.S.C. § 3162(a)(1) (Supp. 1980), in deciding whether to dismiss with or without prejudice under HRPP Rule 48(b).

[5]     Barker v. Wingo, 407 U.S. 514 (1972).

[6]     HRPP Rule 9(b)(2) provides in pertinent part that, "The summons shall be in such form as may be prescribed in the issuing court and shall (i) contain the name of the defendant; (ii) describe the offense alleged in the charge . . . ." It appears that the summons in this case did not consist of the court's preprinted form, but in any event did not contain the offenses contained in the Complaint.

Court reasoned as follows regarding the decision to dismiss the case with prejudice:

> If this case is dismissed without prejudice the State may charge the Defendant a third time for offenses arising from the same conduct which resulted in his [arrest] on November 10, 2011. In that instance there will be further litigation, most likely another motion to dismiss for violation of HRPP Rule 48, which motion must necessarily be granted. In view of the impact of such a reprosecution on the administration of this chapter and on the administration of justice and in consideration of avoidance of needless time and expense being expended by the Defendant the Court concludes that dismissal with prejudice is the appropriate remedy.
>
> THEREFORE IT IS HEREBY ORDERED that case number 2DTA-12-00734 is dismissed with prejudice.

From this Order, the State timely appeals.

## II.

The State contends that the District Court erred by (1) including the period between September 25, 2012 and November 27, 2012 in its computation of the 180-day limit imposed by HRPP Rule 48,[7] (2) failing to adequately state on the record its analysis of the Estencion factors justifying dismissal of the charges with prejudice, and (3) concluding that the charges should be dismissed with prejudice.

## A.

The District Court did not err in concluding the delay from September 25, 2012 to November 27, 2012 should not be excluded for "good cause." HRPP Rule 48(c)(8). "A general 'good cause' ground is provided in Rule 48(c)(8) to take care of unanticipated circumstances and is recognized expressly as a residual discretionary power in the trial judge." State v. Gillis, 63 Haw. 285, 288, 626 P.2d 190, 192 (1981) (citing Estencion, 63 Haw. 264, 625 P.2d 1040). "As a general rule, good cause means a substantial reason which affords a legal excuse." State v. Senteno, 69 Haw. 363, 368, 742 P.2d 369, 373 (1987) (citing Estencion, 63 Haw. at 267, 625 P.2d at 1042) (internal

---

[7] The six-month time limit provided in HRPP Rule 48 has been construed as 180 days. State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996).

quotation marks omitted). "Rule 48(c)(8) is not to be used to excuse a lack of diligence on the part of the government to comply with Rule 48." Gillis, 63 Haw. at 288, 626 P.2d at 193.

> Rule 48(b)'s sanction of dismissal in criminal cases not tried within the prescribed time frame, unless excludable delay is shown, creates an incentive for trial courts to design and implement efficient and fair procedures to decrease the potential for delay caused by chronic congestion and for the legislature to supply the necessary resources to ensure prompt processing of all criminal cases. Additionally, Rule 48's speedy trial requirement also gives the prosecutor an incentive to design screening procedures to ensure that as much as possible those cases that may be disposed of by means other than trial are removed from the criminal justice system as quickly as possible.

Jackson, 81 Hawai'i at 53, 912 P.2d at 85 (quoting State v. Kahawai, 9 Haw. App. 205, 210-11, 831 P.2d 936, 939 (1992)).

The State's only challenge to the District Court's Rule 48 computation is to the inclusion of the delay caused when the summons served on Crilley did not comply with HRPP Rule 9(b)(2)(ii), insofar as it did not contain a description of the charges, and the State was required to re-serve Crilley. The State does not argue that it complied with HRPP Rule 9(b)(2)(ii) and does not challenge the District Court's Conclusion of Law No. 9 which held that "The Summons contains no description whatsoever of the offense(s) alleged in the charge." Instead, the State argues that good cause under HRPP Rule 48(c)(8) existed to excuse the State's failure to serve a conforming summons upon Crilley. The State argues that, because it received incorrect instructions from court personnel that it could serve "only the summons"[8] upon Crilley, the delay that was caused by this error should be excluded for good cause. We disagree.

As explained by the State in its opposition papers, although the State filed the Complaint and Summons with the court, due to the court's transition to an electronic filing system, the prosecution was unable to serve file-marked complaints with the summonses and was instructed by court personnel to serve only the summons on Crilley. The District

---

[8]     Apparently the standard language contained in the summons does not include a description of the charge it relates to, but rather refers to the complaint, which is usually attached, to provide the description of the charge required in HRPP Rule 9(b)(2)(ii).

6

Court acknowledged as much at the hearing on the Motion to Dismiss:

> So, this Court is familiar with the background in this case, so I am taking judicial notice of its records and files.
>
> I will say that I believe that the agreed upon facts is, in fact, what happened. We're in the midst of doing new forms, doing new procedures in connection with our JIMS Crim Program, and E-filing. And I am aware that the administrative staff of the Court did provide incorrect instructions to the prosecutor's office.
>
> It's unfortunate that incorrect information was given, and the Court will take the blame for that. We did, in fact, give that incorrect information --
>
> [Defense Counsel]: Your Honor, I think what was given to them was to issue just the penal summons.
>
> THE COURT: That's right.
>
> [Defense Counsel]: Right, but now, it didn't tell them to tear off page three and issue that. It told them to issue a penal summons. And if they had just captioned it penal summons, and put driving under the influence, et cetera, et cetera, I think that meets Rule 9. So I don't believe there's --
>
> THE COURT: We may be in the process of having to redo that form so that -- it can be served in that fashion, but the summons that went out doesn't comport with the rule, and we can not -- the Court can't be giving -- I mean even though the information came from the Court, that was wrong -- that was wrong instruction. And so that can't be held against the defendant. That would be prejudicial.

The State's reliance upon instructions from court personnel regarding service of a summons pursuant to HRPP Rule 9 was unwarranted. The plain language of HRPP Rule 9(b)(2)(ii) requires that the summons "describe the offense alleged in the charge[.]" It does not require the State to provide a file stamped copy of the Complaint with a summons. Thus, the availability of a file stamped Complaint was not necessary to comply with HRPP Rule 9, and thus did not amount to a legal excuse qualifying as "good cause." Therefore, under these circumstances, reliance upon court personnel instructions was unwarranted under the circumstances and the State failed to demonstrate good cause under HRPP Rule 48(c)(8) due to its non-compliance with HRPP Rule 9.

Even if the prosecutor's reliance upon the court's instructions was justified, delay caused by the court is not excludable under HRPP Rule 48. The time is still included for

7

purposes of HRPP Rule 48 because it is also the court's burden to satisfy the speedy trial requirements. State v. Soto, 63 Haw. 317, 320, 627 P.2d 279, 281 (1981) ("the prosecutor, the court, and the accused share responsibility for carrying out the speedy-trial requirements of Rule 48."), overruled on other grounds by State v. Hoey, 77 Hawai'i 17, 881 P.2d 504 (1994).

Therefore, the District Court did not err by concluding that there was no good cause to exclude the period from September 25, 2012 to November 27, 2012. The State did not challenge any other included time period for purposes of HRPP Rule 48. Thus, 186 days elapsed between Crilley's arrest and the filing of his Motion to Dismiss. Accordingly, the District Court was obligated to dismiss the charges against Crilley for violation of HRPP Rule 48.

B.

The State next contends that the District Court failed to adequately articulate its analysis of the three Estencion factors to determine whether to dismiss a charge with or without prejudice.

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Estencion, 63 Haw. at 269, 625 P.2d at 1044 (citation omitted).

"[I]n determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors, but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." State v. Hern, — Hawai'i —, — P.3d — , CAAP-11-0000644 and CAAP-12-0000528, 2013 WL 1233543 at *5 (App. March 27, 2013). "The trial court's explanation of its consideration of the Estencion factors and the basis for its decision will permit meaningful appellate review." Id. However, "[e]ven if the trial court's findings are deficient, where the record is sufficient for the appellate court

8

to make a determination of whether the trial court abused its discretion, the appellate court may elect, at its option, to resolve the appeal on the merits." Id. at *6.

The District Court did not mention the seriousness of the offenses when determining that the charges should be dismissed with prejudice. We analyze the reasons cited by the District Court as follows.

The District Court appeared concerned about the prospect of Crilley being recharged a third time for the same offenses and speculated, without explanation, that if Crilley was reprosecuted, it would result in another motion to dismiss being filed "which motion must necessarily be granted." The District Court also noted that the impact of reprosecution on the administration of justice weighed in favor of dismissal with prejudice because Crilley would suffer "needless" additional time and expense in defending himself.

However, as HRPP Rule 48 allows for a dismissal without prejudice, it would be circular reasoning to use this fact as a basis to bar reprosecution. Crilley did not argue, nor did the District Court find, that the delay so far had caused him prejudice. It is also unclear why the District Court was convinced that a subsequent prosecution would result in another Rule 48 motion that would be granted. Where, by operation of the rule, the new charge would restart the six-month deadline, there was nothing in the record to support the notion that a new Rule 48 motion would be brought and granted. Finally, there was nothing on this record to support the District Court's conclusion that a subsequent prosecution would result in "needless" additional expense.

Given the lack of support in the record for the reasons it articulated as justifying a dismissal with prejudice, the District Court's decision cannot stand, but the case must be

remanded for the District Court to properly consider the Estencion factors.

III.

For the foregoing reasons, we vacate the judgment dismissing Crilley's charges with prejudice, and we remand the case with instructions that the District Court (1) consider the Estencion factors in determining whether to dismiss the charges with or without prejudice and (2) make findings that clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.

DATED: Honolulu, Hawaiʻi, May 28, 2014.

On the briefs:

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

David A. Sereno,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

10